**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

SUSAN KELLEY

        v.                                             Civil No. 26-cv-460-JL-AJ

DISMAS HOME OF NEW HAMPSHIRE, INC.

**REPORT AND RECOMMENDATION**

Self-represented Plaintiff, Susan Kelley, filed a Complaint (Doc. No. 1) asserting that her employer, Dismas Home of New Hampshire, Inc., violated her rights under the Americans with Disabilities Act ("ADA") and Title VII of the Civil Rights Act of 1964 ("Title VII") by terminating her employment.  She seeks damages.  As Plaintiff is proceeding in forma pauperis, the Complaint is before the court for preliminary review pursuant to 28 U.S.C. § 1915(e)(2) and LR 4.3(d)(2).  For reasons explained below, Plaintiff's Title VII claim should be dismissed for failure to state a claim upon which relief can be granted.  Her ADA claims are the subject of the Service Order issued on this date.

**PRELIMINARY REVIEW STANDARD**

In conducting preliminary review under 28 U.S.C. § 1915(e)(2) and LR 4.3(d)(2), the court may dismiss claims if: it lacks subject matter jurisdiction, a defendant is immune from the relief sought, the complaint fails to assert sufficient facts to state a claim upon which relief might be granted, or the action is frivolous or malicious.  See 28 U.S.C. § 1915(e)(2); LR 4.3(d)(2).  To determine if a Complaint states a claim upon which relief can be granted, the court takes as true the facts asserted in the Complaint and inferences reasonably drawn from those facts, then strips away the legal conclusions, and considers whether the factual allegations and reasonable inferences construed favorably to Plaintiff state a plausible claim for relief.  See Hernandez-

Cuevas v. Taylor, 723 F.3d 91, 102-03 (1st Cir. 2013) (citing Ashcroft v. Iqbal, 556 U.S. 662,

678 (2009)).  The court construes complaints filed by self-represented parties liberally.  See

Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).

## CLAIMS

Plaintiff asserts the following claims for damages:

1.      Defendant terminated Plaintiff two weeks after hiring her, following her hospitalization for medical or mental health reasons and her presentation of a doctor's note, in a manner amounting to discrimination on the basis of her disability, rendering Defendant liable under the ADA.

2.      Defendant terminated Plaintiff without considering her proposal for a reasonable accommodation of her disability, rendering Defendant liable under the ADA.

3.      Defendant terminated Plaintiff in retaliation for her request for a reasonable accommodation of her disability, in violation of her rights under the ADA.

4.      Plaintiff's termination violated her rights under Title VII.

## DISCUSSION

I.      **ADA Claims**

A.      Disability Discrimination

The ADA prohibits discrimination against a "qualified individual" because of the

individual's disability.  42 U.S.C. § 12112(a).  To put forward a prima facia ADA discrimination

claim, Plaintiff must show that:

(1) "she was disabled within the meaning of the statute;" (2) "she was qualified to perform the essential functions of the job, either with or without a reasonable accommodation;" and (3) "the employer took adverse action against her because of the disability."

Serrano-Colon v. United States Dep't of Homeland Sec., 121 F.4th 259, 277 (1st Cir. 2024)

(citations omitted) (elements of analogous Rehabilitation Act disability discrimination claim).

Plaintiff's disability discrimination claim survives preliminary review. Those claims are the subject of the Service Order issued on this date.

B.      Reasonable Accommodation

Disability discrimination actionable under the ADA "includes any failure to make 'reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability.'" Valle-Arce v. P.R. Ports Auth., 651 F.3d 190, 197-98 (1st Cir. 2011) (footnote omitted) (citing 42 § 12112(b)(5)(A)). To make out a reasonable accommodation claim, Plaintiff must show:

> (1) that she suffers from a disability, as defined by the ADA, (2) that she is an otherwise qualified individual, meaning that she is "nevertheless able to perform the essential functions of [her] job, either with or without reasonable accommodation," and (3) that the [employer] knew of her disability and did not reasonably accommodate it.

Valle-Arce v. P.R. Ports Auth., 651 F.3d 190, 198 (1st Cir. 2011) (footnote and citations omitted).

Plaintiff's reasonable accommodation claim survives preliminary review. Those claims are the subject of the Service Order issued on this date.

C.      ADA Retaliation

To establish a claim of retaliation violating the ADA, "a plaintiff must show that (1) she engaged in protected conduct, (2) she suffered an adverse employment action, and (3) there was a causal connection between the protected conduct and the adverse employment action." Valle-Arce v. P.R. Ports Auth., 651 F.3d 190, 198 (1st Cir. 2011) (citation and internal quotation marks omitted). If Plaintiff succeeds in making this prima facie showing,

> the burden then shifts to [her employer] "to offer a legitimate, nonretaliatory

3

reason for [its] actions."  If [the employer] meets its burden, the burden shifts back to [Plaintiff] "to show that the [articulated] reason was mere pretext."  [Plaintiff] "bears the ultimate burden to create a plausible inference that the employer had a retaliatory motive."

Delgado Echevarria v. AstraZeneca Pharm. LP, 856 F.3d 119, 134 (1st Cir. 2017) (citations omitted).

Plaintiff's ADA retaliation claim survives preliminary review.  Those claims are the subject of the Service Order issued on this date.

## II.    Title VII

Without elaborating on her membership in any class of people protected by Title VII, Plaintiff asserts that Defendant violated her rights under Title VII.

Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., as amended, prohibits employment discrimination on the basis of race, color, religion, sex, or national origin.  Title VII prohibits both intentional discrimination (known as "disparate treatment") as well as, in some cases, practices that are not intended to discriminate but in fact have a disproportionately adverse effect on minorities (known as "disparate impact").

Ricci v. DeStefano, 557 U.S. 557, 577 (2009).  "As a precondition to the commencement of a Title VII action in court, a complainant must first file a charge with the Equal Employment Opportunity Commission (EEOC or Commission)."  Fort Bend Cty. v. Davis, 587 U.S. 541, 543 (2019) (citing 42 U.S.C. §2000e-5(e)(1), (f)(1)).

Plaintiff has failed to plead any facts suggesting she suffered any discrimination on the basis of her race, color, religion, sex, or national origin.  Furthermore, Plaintiff's EEOC charge, attached as an exhibit to her Complaint, does not characterize Defendant's conduct as violating her rights under Title VII.  See Doc. No. 1-1, at 9-10.  Accordingly, the district judge should dismiss Plaintiff's Title VII claims for failing to satisfy Title VII's claim processing rule, and for

failure to state a claim upon which relief can be granted.

## CONCLUSION

For the foregoing reasons, the district judge should dismiss Plaintiff's Title VII claims for failure to state a claim upon which relief can be granted.  Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice.  The objection period may be extended upon motion.  Failure to file any objection within the specified time waives the right to appeal the district court's Order.  See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).  Only those issues raised in the written objections "'are subject to review in the district court,'" and any issues "'not preserved by such objection are precluded on appeal.'"  Id. (citations omitted).

Andrea K. Johnstone
United States Magistrate Judge

June 11, 2026

cc:     Susan Kelley, pro se